UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT K. GULLO AND LAURIE GULLO,

    Plaintiffs,

v.                                                    Case No. 8:15-cv-01312-EAK-MAP

EQUIFAX INFORMATION SERVICES LLC,
EXPERIAN INFORMATION SOLUTIONS, INC.
TRANS UNION LLC, AND JPMORGAN CHASE
BANK, N.A.,

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant's, JPMORGAN CHASE BANK (hereafter "Chase"), Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 66), and Plaintiff's Response (Doc. 70). For the reasons set forth below, Defendant's motion is **DENIED**.

## PROCEDURAL HISTORY AND BACKGROUND

Plaintiffs filed a Complaint (Doc. 1) against Defendants on June 1, 2015. Plaintiffs filed an Amended Complaint (Doc. 33) for the purposes of correcting the name of a Defendant on September 2, 2015. Chase filed a Motion to Dismiss the Amended Complaint (Doc. 35) on September 4, 2015. Plaintiffs filed a Second Amended Complaint (Doc. 51) on October 13, 2015. Plaintiffs' Second Amended Complaint alleges seven counts of Fair Credit Reporting Act violations pursuant to 15 U.S.C. § 1681s-2(b). Chase filed a Motion to Dismiss the Second Amended Complaint (Doc. 66) on January 19, 2016. Plaintiff filed a response to Chase's Motion to Dismiss (Doc. 70) on February 2, 2016.

Plaintiffs allege that on October 16, 2008 they contacted Chase and requested a loan modification through the "Making Home Affordable" (HAMP) modification program (Doc. 51 at ¶ 14). Plaintiffs claim that they were misled by Chase into the false understanding that they were participating in a HAMP (Doc. 51 at ¶ 15). Chase presented Plaintiffs with documents which resulted in a "Repayment Plan Agreement," which was not connected with the HAMP Trial Period Plan (Doc. 51 at ¶ 16).

Starting in September of 2009, Plaintiffs sent in payments in the amount and frequency for the Repayment Plan Agreement (Doc. 51 at 17). Plaintiffs sent in fourteen (14) payments as required by an extended "Temporary Payment Plan" and four (4) payments as required by the "Making Homes Affordable" (HAMP) Trial Modification (Doc. 51 at ¶ 18). Plaintiffs allege that Chase failed to post the payments properly on Plaintiffs Equifax, Experian, and Trans Union credit reports, and instead Chase posted thirty-two (32) negative entries (Doc. 51 at ¶ 19).

In April of 2011, Plaintiffs were notified by Chase that they were eligible for a loan modification and to accept the Plaintiffs must make three monthly trial payments, which were made by the Plaintiffs on July 20, 2011 (Doc. 51 at ¶ 20). On May 30, 2012, Plaintiffs contacted Equifax, Trans Union, and Experian disputing the negative entries and requesting further information (Doc. 51 at ¶ 22). Three weeks later Plaintiffs received a response from Equifax, which stated that the information had been updated but the negative entries still remained (Doc. 51 at ¶ 23). Experian responded to Plaintiffs on June 8, 2012 stating that the information had been verified by the grantor as to its accuracy (Doc. 51 at ¶ 24).

Two months after receiving the responses from Equifax and Experian, Plaintiffs filed a state court action against Chase in the Circuit Court of the Sixth Judicial Circuit in and for Pinellas County, Florida, Case No. 12-009883-CI ("the State Court Action") (Doc. 51 at ¶ 27).

Almost two years after the start of the trial the Plaintiffs signed a settlement agreement with Chase on August 8, 2014 (Doc. 66 at 7).

In or about October, 2014, Plaintiffs received a credit report which stated that the thirty-two (32) negative entries remained and two (2) additional negative entries had been added (Doc. 51 at ¶ 31). On October 17, 2014, Plaintiffs mailed a letter to Equifax, Experian, and Trans Union to dispute the 34 negative entries reported by Chase (Doc. 51 at ¶ 32). On October 29, 2014 Equifax responded to Plaintiffs and stated that the account had been updated, but the negative entries still remained (Doc. 51 at ¶ 33).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8 requires that a plaintiff's complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). On a motion to dismiss for failure to state a claim upon which relief can be granted, the Court views the complaint in a light most favorable to the plaintiff and "accept[s] as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). However, legal conclusions are not given such a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a plaintiff need not provide "detailed factual allegations," the complaint must include "more than labels and conclusions." *Twombly*, 550, U.S. at 555. Mere conclusions and "formulaic recitation[s] of a cause of action's elements" cannot withstand a motion to dismiss. *Id.*

Following these principles, courts apply a two-pronged approach when considering a motion to dismiss. *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010). First, a court will "eliminate any allegations in the complaint that are merely legal conclusions." *Id.*

Second, a court will determine whether the factual allegations, assumed true, "plausibly give rise to an entitlement to relief." *Id.*

The rules require that a plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* at 555. A plaintiff must allege facts that show more than a "mere possibility of misconduct;" he must "nudge" his claim "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 679, 683 (quoting *Twombly*, 550 U.S. at 570).

## DISCUSSION

Plaintiffs allege that Chase is liable under the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) for failing to fully and properly investigate the Plaintiffs' dispute of the Chase representation; failing to accurately respond to Equifax by failing to correctly report results of an accurate investigation to the credit reporting agency; and by failing to permanently and lawfully correct its own internal records (Doc. 51 at ¶ 71). Chase makes several arguments as to why Plaintiffs' claim against it must fail, including that the claim is barred by the statute of limitations, that the Plaintiffs released their right to bring an FCRA claim against Chase, the Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted under Rules 8 and 12(b)(6), and Plaintiffs failed to adequately allege entitlement to punitive damages.

### I.   Settlement Agreement

Chase argues that the Plaintiffs released their right to bring an FCRA claim in a settlement agreement in connection with the State Court Action (Doc. 66 at 6). The earlier case was filed in the Sixth Circuit in and for Pinellas County Florida, against Chase for violation of the Florida

Consumer Collection Practices Act (Doc. 70 at ¶ 15). A resolution of the State Court Action was reached between the Plaintiffs and Chase, which resulted in a Settlement Agreement and Release of all claims dated August 8, 2014.

A settlement agreement is essentially a contract and is subject to the traditional rules of contract interpretation. *See Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1290 (11th Cir. 2004). Generally courts may not engage in contract interpretation at the motion to dismiss stage, as these arguments are more appropriate for summary judgement. *See Alhassid v. Bank of Am., N.A.*, 60 F. Supp. 3d 1302, 1312 (S.D. Fla. 2014). However, where the settlement agreement terms are unambiguous, the court may properly consider the agreement in the motion to dismiss stage. *Id.* If the settlement agreement is subject to more than one interpretation, the issue should be decided on summary judgement. *See Bank of America, N.A. v. Zaskey*, 2016 Wl 2897410, at 6 (S.D. Fla. May 18, 2016).

In the present case, the Court finds that the settlement agreement to be too ambiguous to properly consider the agreement at this stage of the pleadings. It is unclear whether the agreement between the parties encompassed the entire FCRA claim, which would include the further negative reporting, delinquency, and late status beginning after August, 2014. Thus, because the settlement agreement is subject to more than one interpretation it would be improper to consider the agreement on a motion to dismiss. *Id.*

## II. Statute of Limitations

Defendant further argues that the statute of limitations has run for Plaintiffs' 15 U.S.C. § 1681 FCRA claim (Doc. 66 at 8). The statute of limitations on an FCRA claim does not begin to run until "the date of discovery by the plaintiff of the violation that is the basis for such liability." 15 U.S.C. § 1681p(1). Defendant correctly notes that the FRCA claim has a two-year

statute of limitations (Doc. 66 at 9). Defendant argues that statute of limitations began to run, with respect to the thirty-two (32) negative entries, as early as May, 2012 when Plaintiffs reported a dispute of the negative entries to the Credit Reporting Agencies (Doc. 66 at 9). Plaintiffs' agree that the applicable statute of limitations is two years, but claim that the statutory period did not begin to run until October, 2014 when Plaintiffs' received a copy of their credit report that contained two (2) additional negative entries and a new delinquency status on their credit report (Doc. 70 at ¶ 29).

A statute of limitations defense is an affirmative defense, *see La Gratsa v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004), and so it must be apparent on the face of the complaint. *Quiller v. Barclays American/Credit, Inc.*, 727 F.2d 1067, 1069 (11th Cir. 1984). While the statute of limitations period for the thirty-two (32) negative entries most likely began to run as early as 2012, the Complaint makes no mention of when the limitation period began. Because a statute of limitations defense is an affirmative defense, the Plaintiffs are not required to negate it in their complaint. *La Grasta*, 358 F.3d at 845. There is not a sufficient basis, on the face of the Plaintiffs' Second Amended Complaint, for the Court to find that the statute of limitations on Plaintiffs' 15 U.S.C. § 1681 FCRA claim against Chase has expired.

### III. Second Amended Complaint States a Claim for Relief under Rule 8 and 12(b)(6)

Defendant argues that the Plaintiffs' Second Amended Complaint does not contain sufficient factual allegations to state a plausible claim under the *Twombly* pleading standard. In *Twombly*, the Court held that a plaintiff need not include in his complaint "'specific facts' beyond those necessary to state his claim and the ground showing entitlement to relief." 550 U.S. at 570. A plaintiff must only allege "enough facts to state a claim to relief that is plausible on its face." *Id.* However, to survive a motion to dismiss, a complaint must contain more than "threadbare

recitals of a cause of action's elements, supported by mere conclusory statements." *Id.* at 555. This Court finds that the FCRA claim in the Plaintiffs' Second Amended Complaint is supported by sufficient factual allegations and Defendant's Motion to Dismiss is, therefore, **DENIED**.

Plaintiffs' Complaint meets the requirements of the *Twombly* pleading standard because it specifically alleges facts to support Plaintiffs' FCRA claim against Chase. Plaintiffs allege that Chase was informed that the Plaintiffs disputed the accuracy of the information Chase had reported and that Chase failed to conduct a proper investigation of the dispute (Doc. 51 at ¶¶ 24-26 and 70-71). Furthermore, the Complaint states that Chase failed to post payments properly to the Credit Reporting Agencies and after the resolution of the State Court Action, Chase continued to report the negative entries as well as two (2) additional negative entries. (Doc. 51 at ¶ 31). Plaintiffs go beyond tracking the FCRA's language and include factual allegations and attached exhibits to the Second Amended Complaint to support the allegations. Accordingly, the allegations articulated in the Second Amended Complaint are factually sufficient to survive Defendant's Motion to Dismiss.

### IV.   Plaintiffs Basis for Punitive Damages

Defendant further argues that the Plaintiffs fail to allege any willful noncompliance required for punitive damages with the FCRA claim on the part of Chase (Doc. 66 at 11). To show "willful" noncompliance, as is required for an award of punitive damages, a plaintiff must allege facts showing that the defendant acted in conscious disregard of the consumer's rights or that the defendant's noncompliance with the FCRA was deliberate and purposeful. *Spector v. Trans Union, LLC. Et al.*, 301 F. Supp. 2d 231, 237 (D. Conn. 2004); *see also Rambarran v. Bank of America*, 609 F. Supp. 2d 1253, 171-72 (S.D. Fla. 2009) (citing *Safeco Ins. Co. of Am. V. Burr*, 551 U.S. 47 (2007)("[t]he United States Supreme Court has counseled that the definition of

"willful conduct" under the FCRA reaches reckless FCRA violation as well. . . Thus, even absent proof of an 'evil motive,' it is well established that statutory and punitive damages may be warranted under section 1681n where the FCRA entity institutes a policy or performs an action in 'reckless disregard' of a consumer's rights under the FCRA.").

Plaintiffs' Second Amended Complaint sufficiently alleges enough facts to adequately plead entitlement to punitive damages under 15 U.S.C. 1681n. To do so, the Plaintiffs must allege sufficient facts to show the Defendant's action entailed "an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id.* at 69. The Plaintiffs allege that Chase incorrectly reported negative entries to the Credit Reporting Agencies, failed to properly investigate after disputes were filed with the Credit Reporting Agencies, and Chase continued to report additional negative entries after the issue was addressed in the State Court Action (Doc. 51 at ¶¶ 14-38). Thus the Plaintiffs have alleged enough facts to sufficiently put the Defendant on notice as to the conduct complained of. Therefore, Plaintiffs have met the pleading requirement and have sufficiently alleged fact necessary to support their request for entitlement to punitive damages.

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss is **DENIED**. The Defendant shall answer this complaint within ten days of this date.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 8th day of June, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE